IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MISS GLORIA E. SCARNATI,

        Plaintiff,                         13cv0575
                                                **ELECTRONICALLY FILED**
        v.

SOCIAL SECURITY ET AL,

        Defendants.

**MEMORANDUM ORDER RE: MOTION FOR LEAVE
TO PROCEED *IN FORMA PAUPERIS* (DOC. NO. 1)**

**I. Introduction**

Currently before the Court is frequent[1] *pro se* Plaintiff Gloria E. Scarnati's ("Plaintiff's") Motion for Leave to Proceed *In Forma Pauperis*. Doc. No. 1. Attached to Plaintiff's Motion is her proposed Complaint against eight Defendants, *inter alia*, the Social Security Administration of Philadelphia PA (collectively "Defendants"). Doc. No. 1-1. Plaintiff concedes that she has not lost her Social Security benefits, and thus her Complaint is not an action pursuant to 42 U.S.C. § 405(g). Id., 1. Plaintiff's Complaint centers around the allegation that Defendants have attempted to cause her to lose her Social Security Benefits. See generally Doc. No. 1-1. Count I of Plaintiff's Complaint alleges a violation of her First Amendment rights. Id., ¶¶ 43-45. Count

---

[1] Plaintiff has previously filed the following frivolous actions in this Court: 95mc812; 95mc813; 01cv1188; 03cv974; 11cv1143; and 12cv1289. The United States Court of Appeals for the Third Circuit has: affirmed this Court's finding pursuant to 28 U.S.C. § 1915(a)(3) that her appeal in 12cv1289 was without merit. *Scarnati v. FBI*, 12-1387 (3d Cir. Nov. 2, 2012) (Clerk) (requiring her to pay the filing fee even though this Court had granted her leave to proceed *in forma pauperis*); affirmed this Court's Order dismissing 11cv1143. *Scarnati v. PA Office of Inspector Gen.*, 469 F. App'x 75 (3d Cir. 2012); affirmed Judge McVerry's dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) in 03cv974. *Scarnati v. Vanliner Ins. Co.*, 115 F. App'x 601 (3d Cir. 2004) (table); and dismissed the appeal of Judge Bloch's Order in 95mc812. *Scarnati v. Grzandziel*, 96-3028 (3d Cir. Mar. 15, 1996).

II alleges a violation of the Americans with Disabilities Act.  Id., ¶¶ 46-48.  Count III alleges First Amendment retaliation.  Id., ¶¶ 49-61.

## II. Standard of Review

28 U.S.C. § 1915(e)(2) provides in relevant part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . .
>
> (B) the action []–
>
> > (i) is frivolous or malicious;
> > (ii) fails to state a claim on which relief may be granted; or
> > (iii) seeks monetary relief against a defendant who is immune from such relief.

The standard under which a District Court may dismiss an action as frivolous was clarified by the United States Supreme Court in *Neitzke v. Williams*, 490 U.S. 319 (1989).  Dismissal is appropriate both when the action is "based on an indisputably meritless legal theory" and when it posits "factual contentions [that] are clearly baseless." *Id*. at 327; *see also Mehta v. City of New Jersey City*, 360 F. App'x 270, 271 (3d Cir. 2010).

## III. Discussion

Plaintiff prefaces her Complaint by stating that it is being filed under a long list of federal and state statutes that have no apparent relationship.  Doc. No. 1-1, 1-2.  Plaintiff alleges in her Complaint that "PA Disabled residents have no real advocacy only caring citizens such as plaintiff trying to make changes which fall on deaf ears. PA government tells others it has an advocacy dept but it is only for show since they don't even answer the phone . . . ." Doc. No. 1-1, ¶ 2.  Plaintiff then alleges that the Commonwealth is trying to kill all of its disabled residents for financial gain.  Id., ¶ 7.  Plaintiff restates allegations made at 12cv1289, that her neighbor, as a member of the "polish mafia", steals her mail.  Id., ¶¶ 16-18, 20-22.

Plaintiff then personally attacks certain Defendants, including calling two of them "retards." Doc. No. 1-1, ¶¶ 35, 41.  Plaintiff alleges that the Defendants are trying to kill her. Id., ¶ 52.  She then avers that Defendants have violated her rights by sending her letters.  Id., ¶ 53.  She claims that she is doing a civil service by informing the country about the evil acts of the Commonwealth.  Id., ¶ 56.  Plaintiff then states that God will punish Defendants for their wrongdoing.  Id., ¶ 60.

In sum, Plaintiff's Complaint is a collection of nonsensical conspiracy theories against governmental agencies and their employees.  This is the same pattern that has evidenced itself in her previous filings with this Court.  As with her previous Complaints, the Court finds that Plaintiff's Complaint is frivolous and thus should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**IV. Order**

**AND NOW**, this 24th day of April, 2013, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. No. 1) is **GRANTED**;

2. Plaintiff's Complaint (Doc. No. 1-1) is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i);[2]

3. The Court certifies that any appeal taken would not be in good faith. 28 U.S.C. § 1915(a)(3); *see also Douglas v. Osteen*, 317 F. App'x 97, 99 n.1 (3d Cir. 2009); and

4. The Clerk of Court is to mark this **CASE CLOSED**.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: Gloria E. Scarnati
PO Box 113524
Pittsburgh, PA 15241

---

[2] The Court finds that any amendment to the Complaint would be futile. *See Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 217 (3d Cir. 2013) (leave to amend is not required when amendment would be futile).

4