IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MISS GLORIA E. SCARNATI,

      Plaintiff,                          13cv0575
                                           **ELECTRONICALLY FILED**

      v.

SOCIAL SECURITY ET AL,

      Defendants.

**MEMORANDUM ORDER RE: MOTIONS FOR RECONSIDERATION AND TO EXTEND TIME TO FILE APPEAL(DOC. NOS. 4 & 5)**

**I. Introduction**

Currently before the Court are *pro se* Plaintiff Gloria E. Scarnati's ("Plaintiff's") Motion for Reconsideration (Doc. No. 4) and Motion to Extend Time to File Appeal (Doc. No. 5). Plaintiff commenced this action by filing a Motion for Leave to Proceed in Forma Pauperis on April 22, 2013. On April 24, 2013, this Court granted the Motion for Leave to Proceed in Forma Pauperis and dismissed Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Doc. No. 2. The Court certified that any appeal taken would be frivolous pursuant to 28 U.S.C. § 1915(a)(3). For the reasons set forth below, Plaintiff's Motion for Reconsideration (Doc. No. 4) and Motion to Extend Time to File Appeal (Doc. No. 5) will be **DENIED**.

**II. Standard of Review**

    **A. Motion for Reconsideration**

The purpose of a Motion for Reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Generally, a Motion for Reconsideration will only be granted on one of the following three grounds: (1) if there has been an intervening change in controlling law; (2) if new evidence,

which was not previously available, has become available; or (3) if it is necessary to correct a clear error of law or to prevent manifest injustice. *Max's Seafood Café by Lou Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

A Court may not grant a Motion for Reconsideration when the motion simply restyles or rehashes issues previously presented. *Pahler v. City of Wilkes Barre*, 207 F.Supp.2d 341, 355 (M.D. Pa. 2001). A Motion for Reconsideration "addresses only factual and legal matters that the Court may have overlooked . . . . It is improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through rightly or wrongly." *Glendon Energy Co. v. Borough of Glendon*, 836 F.Supp. 1109, 1122 (E.D. Pa. 1993) (internal citation and quotes omitted). Because federal courts have a strong interest in the finality of judgments, Motions for Reconsideration should be granted sparingly. *Rossi v. Schlarbaum*, 600 F.Supp.2d 650, 670 (E.D. Pa. 2009).

**B. Motion for Extension of Time to File Appeal**

Federal Rule of Appellate Procedure 4(a)(5)(A) provides that:

> The district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

The United States Court of Appeals for the Third Circuit has adopted the test articulated by the United States Supreme Court in *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380 (1993), when determining if excusable neglect is present in the Rule 4(a)(5)(A) context. *In re Diet Drugs Prods. Liab. Litig.*, 401 F.3d 143, 153 (3d Cir. 2005). These four factors are: (1) the danger of prejudice to the non-movant; (2) the length of the delay and the impact on judicial proceedings; (3) the reason for the delay, including whether it was within the

reasonable control of the movant; and (4) whether the movant acted in good faith. *Pioneer*, 507 U.S. at 395.

"The contours of the good cause analysis [under Rule 4(a)(5)(A)] are largely undefined." *Price v. Gen. Cable Indus., Inc.*, 466 F. Supp. 2d 610, 613 (W.D. Pa. 2006). However, most Courts, including those within this District, have adopted a standard whereby good cause exists "in situations in which there is no fault-excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant." *Roman v. Sam's Club/Walmart*, 2013 WL 1643936, *1 (W.D. Va. Apr. 16, 2013) (quoting Fed. R. App. P. 4(a)(5)(A)(ii), Advisory Committee Notes to the 2002 Amendments); *Price*, 466 F. Supp. 2d at 613.

### III. Discussion

#### A. Motion for Reconsideration

Plaintiff alleges that this Court has denied her the opportunity to present evidence in support of her claim. Doc. No. 4. This Court is required to construe *pro se* pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Construed liberally, Plaintiff alleges that a manifest injustice would occur if the Court's prior Order were not reconsidered. However, no injustice has resulted from the Court's Order. Plaintiff's Complaint is frivolous on its face and she is unable to recover on any of her alleged causes of action. The Court merely performed the screening function required by 28 U.S.C. § 1915 and found that it was appropriate to dismiss her Complaint. Furthermore, there has not been any intervening change in controlling law and there is no new evidence which was previously unavailable. Therefore, Plaintiff's Motion for Reconsideration (Doc. No. 4) must be denied.

**B. Motion for Extension of Time to File Appeal**

The Court finds neither excusable neglect nor good cause to warrant extending Plaintiff's time to file an appeal. As to excusable neglect, the Court finds that the danger of prejudice to the non-movant is high. Defendants have been served with the Complaint and allowing this frivolous suit to continue would only cause Defendants uncertainty. The length of the delay factor is neutral. The reason for the delay, the filing of a Motion for Reconsideration, is neutral. The fourth factor weighs heavily against granting the Motion. The Motion was not filed in good faith as it relies upon the Motion for Reconsideration, which is meritless on its face because Plaintiff merely disagrees with prior rulings of this Court.

As to good cause, the Court finds that the only reason for requesting an extension of time to file her appeal, the filing of the Motion for Reconsideration, is wholly within Plaintiff's control and thus does not constitute good cause. Furthermore, as discussed, the Court finds that Plaintiff is not requesting an extension in good faith. The Court's review of the record finds no reason that Plaintiff should be granted an extension.

**IV. Order**

**AND NOW,** this 22nd day of May, 2013, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion for Reconsideration (Doc. No. 4) is **DENIED**;

2. Plaintiff's Motion to Extend Time to File Appeal (Doc. No. 5) is **DENIED**; and

3. The Court certifies that any appeal taken would not be in good faith.

28 U.S.C. § 1915(a)(3); *see also Douglas v. Osteen*, 317 F. App'x 97, 99 n.1 (3d Cir. 2009).

                                                s/ Arthur J. Schwab
                                                Arthur J. Schwab
                                                United States District Judge

cc:    Gloria E. Scarnati
        PO Box 113524
        Pittsburgh, PA 15241